IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CIVIL ACTION NO. ) |
| v. | ) ) COMPLAINT ) |
| SOUTHEASTERN TELECOM INC, | ) JURY TRIAL DEMAND ) |
| Defendant. | ) |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, and the Equal Pay Act of 1963, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Suzanne N. Sword who was adversely affected by such practices. As alleged with greater particularity in paragraphs 10 through 13 below, the Commission alleges that Defendant Southeastern Telecom, Inc. discharged Ms. Sword in retaliation for her complaint of sex discrimination.

JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to §706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and §102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a; and pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"),

as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217 as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000-5(f)

4. At all relevant times, Defendant Southeastern Telecom, Inc. (the "Employer") has continuously been doing business in the State of Tennessee and the City of Nashville and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

2

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j).

## STATEMENT OF CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Suzanne N. Sword filed a charge with the Commission alleging violations of Title VII and the Equal Pay Act by Southeastern Telecom, Inc. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least June 29, 2007, Defendant has engaged in unlawful employment practices at its Nashville, Tennessee facility, in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3.

10. The unlawful employment practices involved retaliating against Suzanne Sword by placing her on a forced leave of absence and then firing her for complaining of sex discrimination.

   a. On Friday, June 29, 2007, Ms. Sword, an account executive with Defendant Employer, met with her sales manager about the allocation of sales commissions and accounts between herself and a male coworker.

   b. Ms. Sword complained that another male was being given all of the leads that a former employee had cultivated over the last couple months.

   c. Ms. Sword complained about missing commissions.

   d. She also complained that she believed Defendant Employer was a "good old boy" company.

e. Further, Ms. Sword complained that Defendant Employer discriminated against her based on her gender.

f. On the same day that the sales manager received Ms. Sword's complaint, he informed the human resource manager of Ms. Sword's allegations through an email.

g. In the email, he advised the human resources manager that Ms. Sword met with him that morning, expressed concerns regarding her commissions and about how she was being treated.

h. The sales manager wrote that Ms. Sword perceived that a male was being given "all of the leads" that former employees had cultivated over the last two months.

i. He also reported that Ms. Sword believed that Defendant Employer "is a good old boy company and that she is being discriminated against based on her gender."

j. The sales manager asked the human resources manager to speak with Ms. Sword regarding her concerns.

k. The human resources manager talked with Ms. Sword by telephone about her complaint on June 29, 2007.

l. In the conversation with the human resources manager, Ms. Sword complained about the assignment of accounts, the fact that her commissions were not accurate, and that she was missing commissions.

4

m. On or around June 29, 2007, the human resources manager authorized removal of Ms. Sword's access to the computer, email, and telephone, and restricted her access to the building.

n. Ms. Sword reported to work on Monday, July 2, 2007.

o. She learned that she was denied access to the building, denied access to her emails, and access to the computer.

p. Ms. Sword met with the human resources director about the removal of her access.

q. The human resources director insisted Ms. Sword cancel her sales appointments, take "some personal time," and not return to work until July 5, 2007. She placed Ms. Sword on a forced leave of absence.

r. Ms. Sword returned to work on Thursday, July 5, 2007.

s. At that time, she was still locked out of her email and telephone.

t. Ms. Sword met with the human resource manager again to discuss her complaint of sex discrimination. Nothing was resolved.

u. Ms. Sword continued to call on accounts and to perform her work.

v. She notified the sales manager and the human resources manager of her schedule, and provided her cell telephone number.

w. That same day, Ms. Sword informed her sales manager and the human resources manager of her whereabouts and advised both of the sales appointments she had made for Friday, July 6, 2007. Those sales appointments included visits to Cookeville, Tennessee.

x. On Thursday evening, July 5, 2007, Ms. Sword's sales manager emailed Ms. Sword at 5:55 p.m. to advise her that he wanted to review her accounts on Friday, July 6, 2007.

y. At or around 3:00 p.m. on Friday, July 6, 2007, Ms. Sword's sales manager fired Ms. Sword via voicemail message.

z. The effect of the practices complained of in paragraphs 10 a through y above has been to deprive Ms. Sword of equal employment opportunities and to otherwise adversely affect her status as an employee because of retaliation.

11. The unlawful employment practices complained of in paragraphs 10 a through y above were intentional.

12. The unlawful employment practices complained of in paragraphs 10 a through y above were done with malice or with reckless indifference to the federally protected rights of Ms. Sword.

13. Since at least June 29, 2007, Defendant Employer has violated Sections 15(a)(3) of the FLSA, 29 U.S.C.§ 215(a)(3) by retaliating against Suzanne Sword, an account executive at its Nashville establishment, by placing her on a forced leave of absence, and then firing her for complaining of unequal pay because of sex.

a. On Friday, June 29, 2007, Ms. Sword, an account executive with Defendant Employer, questioned her sales manager about the allocation of sales commissions and accounts between herself and a male coworker.

b. Ms. Sword complained that Defendant Employer discriminated against her based on sex.

c. Her sales manager informed the human resource manager of Ms. Sword's allegations.

d. He stated that Ms. Sword expressed concerns regarding her commissions and about how she was being treated.

e. The sales manager stated that Ms. Sword perceived that a male was being given "all of the leads" that former employees had cultivated over the last two months.

f. He also reported that Ms. Sword believed that Defendant Employer "is a good old boy company and that she is being discriminated against based on her gender."

g. The sales manager asked the human resources manager to speak with Ms. Sword regarding her concerns.

h. The sales manager and the human resources manager had knowledge that Ms. Sword was complaining about alleged discrimination.

i. The human resources manager authorized removal of Ms. Sword's access to the computer, email, and telephone, and restricted her access to the building.

j. The human resources manager met with Ms. Sword and insisted Ms. Sword cancel her sales appointments, take "some personal time," and not return to work until July 5, 2007.

k. On Thursday, July 5, 2007, Ms. Sword met with the human resource manager to discuss her complaint of sex discrimination. Nothing was resolved.

l.  That same day, Ms. Sword informed her sales manager and the human resources manager of her whereabouts and advised them of the sales appointments she had made for Friday, July 6, 2007.

m.  Ms. Sword advised them that she could not come into the office on Friday because of sales appointments she had outside the office, which she had rescheduled due to her unexpected forced leave of absence.

n.  At or around 3:00 p.m. on Friday, July 6, 2007, Ms. Sword's sales manager fired Ms. Sword via voicemail message.

14. As a result of the acts complained of in paragraphs 13 a through n above, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Suzanne Sword.

15. The unlawful practices complained of in paragraphs 13 i, j, and n above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in any employment practice that discriminates on the basis of retaliation for complaining of discrimination based on sex.

B.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from retaliating against any employee because of complaining of unequal pay based on sex.

8

C. Order Defendant Employer to institute and carry out policies, practices and programs that provide protection against retaliation, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Suzanne Sword by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices.

E. Order Defendant Employer to make whole Suzanne Sword by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 9 through 13 above, including job search expenses and medical expenses, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Suzanne Sword by providing compensation for past and future nonpecuniary losses, resulting from the unlawful practices complained of in paragraphs 9 through 13 above, including emotional pain, suffering, humiliation, inconvenience, and mental anguish, in amounts to be proven at trial.

G. Order Defendant to pay punitive damages to Suzanne Sword for its malicious and reckless conduct described in paragraphs 9 through 13 above, in amounts to be determined at trial.

H. Grant a judgment requiring Defendant Employer to pay Suzanne Sword appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Ms. Sword whose wages are being unlawfully withheld as a result of the acts complained of above, by restraining the

continued withholding of amounts owing as back wages with prejudgment interest, in amounts to be determined at trial.

    I.    Grant such further relief as the Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel
Washington, DC

*Faye Williams/by SR w/ permission*
**FAYE WILLIAMS**
Regional Attorney
TN Bar No. 11730

*Diedre Smith/by SR w/ permission*
**DIEDRE SMITH**
Supervisory Trial Attorney
TN Bar No. 18499

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

*Sally Ramsey*
**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105