UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHEASTERN TELECOM, INC.,<br><br>Defendant. | Civil Action No. 3:09-cv- 0887<br>Judge Wiseman / Knowles<br><br>JURY DEMAND |

## CONSENT DECREE

This Consent Decree ("Decree") is made and entered into between Plaintiff Equal Employment Opportunity Commission ("Commission") and Defendant Southeastern Telecom, Inc. ("SET").

The Commission filed its Complaint against SET on September 22, 2009, alleging that it discharged Suzanne Sword in retaliation for her complaint of sex discrimination, in violation of Title VII of the Civil Rights Act of 1964 and of the Equal Pay Act.

SET denies any violation of the statutes and maintains its actions were proper and legitimate.  However, the parties to this action desire to avoid the additional expense and delay of further litigation, and instead want to resolve the case.

This Decree, entered with the consent of the parties for settlement purposes, is not an adjudication on the merits of this lawsuit and shall not be construed as an admission by SET of any violation of Title VII of the Civil Rights Act of 1964 or of the Equal Pay Act.

This Decree is the complete and exclusive agreement between the parties. No waiver, modification, or amendment of any provision of this Decree shall be effective unless made in writing, signed by the parties. No representations or inducements to compromise this action have been made other than those recited or referenced in this Decree. In the event this Decree is not approved or does not become final, it shall not be admissible in evidence in any subsequent proceeding in this action.

The Court has reviewed the terms of this Decree in light of the applicable laws and regulations, the representations of counsel for the parties, and hereby approves this Decree.

It is hereby ORDERED:

1. The United Sates District Court for the Middle District of Tennessee, Nashville Division, has jurisdiction over the parties and the subject matter of this litigation and will retain jurisdiction over this Decree for the purposes of enforcement and dispute resolution.

2. This Decree resolves all issues and claims arising out of the Commission's Complaint in this case, Civil Action No. 3:09-cv- 0887, alleging a violation of Title VII of the Civil Rights Act of 1964 and of the Equal Pay Act by SET, based on Commission Charge No. 494-2007-02516 filed by Suzanne Sword. This Decree shall not be considered in any manner to be dispositive of any other charge which is or may be pending before any office of the Commission other than Charge No. 494-2007-02516.

3. The provisions of this Decree shall be effective and binding upon the parties to this action for two years after the date of its entry by the Court.

4. SET, its officers, agents, employees, and all persons acting in concert with SET are enjoined from engaging in any employment practice which has the purpose or effect of retaliating against any employee, or applicant for employment, for participating in any proceeding under Title VII or for opposing discriminatory employment practices made unlawful under Title VII of the Civil Rights Act of 1964, as amended.

5. SET, its officers, agents, employees, and all persons acting in concert with SET are enjoined from retaliating against any employee, or applicant for employment, for participating in any proceeding under the Equal Pay Act or for opposing discriminatory employment practices made unlawful under the Equal Pay Act.

6. SET will revise its policies to expand the procedure for making complaints of discrimination, including complaints of retaliation, under Title VII of the Civil Rights Act of 1964, as amended, and the Equal Pay Act, as well as under all employment anti-discrimination statutes.

7. SET will require all managers and supervisors to acknowledge their understanding of SET's formal procedure by signing an acknowledgement, to be kept with their personnel records.

8. Within 90 days of the entry of this Decree, SET will provide formal on-site training in the elements and requirements of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act to all personnel in the Nashville, Knoxville and Memphis offices, including Chris Baugher.

    A. The training will include at least two hours of instruction.

    B. The training will emphasize the recognition and prevention of retaliation against persons for complaining about discrimination, or participating in an investigation

of charge of discrimination, under Title VII or the EPA. The training will include review of Section 8 of the EEOC compliance manual.

  C. In addition, the trainer will specifically discuss the two most recent Supreme Court cases addressing retaliation: *Burlington Northern v. White*, and *Crawford v. Metro Government*. The trainer will present the facts from these two cases and the Supreme Court and trial court's rulings after the cases were remanded. All attendees will sign a statement that he/she understands his/her rights and obligations under the law.

  D. The training will include SET's formal policy against discrimination and retaliation, provided by Paragraph 6 above.

  E. An outside trainer with at least five years experience in employment discrimination law will conduct the training. The trainer will submit a Curriculum Vita or other evidence of his qualifications to the Commission to verify this requirement is met.

  F. SET shall submit the Curriculum Vita, the training proposal, and all proposed training materials to the Commission at least 15 business days prior to the proposed date(s) of the training.

  G. SET President Larry Baugher will appear at the training session and confirm SET's policy prohibiting retaliation against any employee for making a charge of discrimination under any statute or law.

  H. Within ten days of the conclusion of the training, SET will provide to the Commission (1) a sign-in sheet with the name, position, and signature of all who attended the training, and (2) the statement of understanding referred to in (C) above.

9. In full settlement of the claims of this case, SET agrees to pay to Suzanne Sword a total of $95,000.00 consisting of $25,000.00 in back pay with interest (less required payroll withholding) and $70,000.00 in compensatory damages. SET will issue a 1099 form to Ms. Sword for the compensatory damages amount.

    A. Within 21 days of the entry of this Decree, SET shall mail a check(s) to Suzanne Sword at her home address.

    B. SET shall also mail a copy of the check(s) and any accompanying correspondence to Sally Ramsey, Senior Trial Attorney, at the address below.

10. SET will provide two reports to the Commission. SET will submit the first report 12 months after entry of the Decree and the second report 23 months after entry of the Decree. Each report will describe all charges or complaints of discrimination made in the Nashville, Memphis, and/or Knoxville locations during the previous 12-month period, what investigation was done, the result of the investigation, and the employment status of the individual who made the complaint. The reports shall be sent to Sally Ramsey, Senior Trial Attorney, at the address below.

11. SET will provide the Commission with a copy of the formal procedure, as required by Paragraph 6 above. SET shall send the copy to Sally Ramsey, Senior Trial Attorney, at the address below.

12. SET shall post at its Nashville, Memphis, and Knoxville facilities, in a location conspicuous and accessible to all applicants and employees, the Notice attached to this Decree as Exhibit A, for a period of two years commencing within ten days after entry of this Decree by the Court.

13. SET will provide prior written notice to any potential purchaser of its business, or a purchaser of all or a portion of its assets, and to any other potential successor, of the existence and contents of this Decree.

14. If SET fails to comply with the terms of this Decree, the Commission has a right to enforce the obligations under the Decree. The Commission will provide written notice to Matthew C. Lonergan, counsel for SET, of any deficiency in complying with the terms of the decree and provide a period of 21 days to resolve such deficiencies. If the parties are unable to reach agreement regarding resolution of any such deficiency in SET's compliance with the terms of the Decree, the Commission will then have the option of petitioning the Court for relief.

15. Each of the parties shall bear its own costs and attorneys fees.

**The clerk will close this case subject to reopening upon request for enforcement relief.**

IT IS SO ORDERED THIS 18th DAY OF MARCH 2011.

*[signature]*
THOMAS A. WISEMAN, Jr.
SENIOR U.S. DISTRICT COURT JUDGE

EXHIBIT A

**NOTICE TO ALL COMPANY EMPLOYEES**

1. This Notice is being posted as part of the settlement agreed to between Southeastern Telecom and the Equal Employment Opportunity Commission, resolving a lawsuit filed by the EEOC alleging retaliation in violation of Title VII of the Civil Rights Act and the Equal Pay Act. Southeastern Telecom has agreed to revise its policies to deter retaliation, to make whole the aggrieved individual, and to provide additional training regarding compliance with Equal Employment laws.

2. Federal law requires an employer to maintain a workplace free from discrimination based on sex, as well as race, religion, color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is a violation of Title VII of the Civil Rights Act and the Equal Pay Act to retaliate against an employee for exercising rights under these statutes.

3. Southeastern Telecom does not tolerate or condone retaliation against any employee or applicant for employment. Retaliation is a violation of company policy as well as federal law. Violation of this company policy by anyone employed by Southeastern Telecom will result in disciplinary action up to and including termination.

4. The posting of this Notice by Southeastern Telecom does not constitute an admission by Southeastern Telecom of any violation of or liability under Federal law.

5. This notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other materials. Any questions about this Notice or compliance with its terms may be directed to Larry Baugher, President of Southeastern Telecom.

6. If you believe you have been discriminated against, you have the right to seek assistance from:

   Equal Employment Opportunity Commission
   Nashville Area Office
   220 Athens Way, Suite 350
   Nashville, Tennessee
   Telephone: 615 736-5820
   Website: www.eeoc.gov

SIGNED this ____ day of _____, 2011

_____
*Name, Title*

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**